IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SECURITY PEST CONTROL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 3:19-cv-00541-SMD |
| ) | |
| WELLS FARGO BANK, ) | |
| NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Security Pest Control's contested Motion for Leave to Amend Complaint with its proposed Second Amended Complaint. (Docs. 19, 19-1). Defendant Wells Fargo has opposed leave to amend (Doc. 26), and Security Pest Control has replied in support of leave. (Doc. 27). Therefore, the motion is ripe for disposition. For the reasons that follow, the undersigned finds that Plaintiff's motion is due to be granted. The remaining motions (Docs. 15, 30) are denied as moot.

**I.    BACKGROUND[1]**

Plaintiff alleges that Defendant's employees conspired with one of Plaintiff's now-former employees, Curtia Moon ("Moon"), to open, without authority, an account in the name of "Security Pest Control" without an appropriate corporate resolution or approval. (Doc. 19-1) at 3-4. Defendant permitted Moon to deposit Plaintiff's checks, money orders,

---

[1] Because the Plaintiff seeks leave to amend its complaint, the facts are recited as alleged in the proposed Second Amended Complaint, (Doc. 19-1), which we accept as true for the limited purpose of ruling on this Motion.

1

and cash into an account that was not owned or controlled by Plaintiff for at least three years despite the fact that Plaintiff was clearly noted as the only payee on the checks and money orders. *Id.* at 4-5. Moon was not authorized to indorse Plaintiff's checks, but nevertheless stamped Plaintiff's indorsement on to the checks. *Id.* at 9. The indorsement, however, directed Defendant to only deposit the funds into Plaintiff's bank account, which was not at Wells Fargo. *Id.* at 5, 9. Defendant's employees "instructed Moon on how to deposit checks through the Wells Fargo mobile banking application to conceal Moon's actions." *Id*. at 5.

Plaintiff previously filed an amended complaint, (Doc. 10), and now seeks leave to file a Second Amended Complaint. Defendant has not consented to Plaintiff filing a Second Amended Complaint. (Doc. 19) at 2. Therefore, further amendments require leave of the Court. Fed. R. Civ. P. 15(a)(2).

## II.   LEGAL STANDARD

"[Rule] 15(a) . . . provides that, after any responsive pleading has been filed, subsequent amendments are permitted only with the leave of the district court." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). It is within the district court's discretion whether to grant or deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court's discretion is limited in favor of granting leave to amend:

> '[D]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'

*Espey*, 734 F.2d at 750 (internal citations omitted).

"Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Landon v. Agatha Harden, Inc.*, 6 F. Supp. 2d 1333, 1335 (M.D. Ala. 1998) (quoting *Foman,* 371 U.S. at 182). Therefore, a district court "may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Foman*, 371 U.S. at 182). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Food, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999) (citing *Motorcity of Jacksonville, Ltd. v. Se. Bank N.A.*, 83 F.3d 1317, 1323 (11th Cir. 1996)).

Finally, although the Federal Rules of Civil Procedure govern the procedural aspects of this case, the *Erie* doctrine dictates that this Court, sitting in diversity jurisdiction, apply the substantive law of the State of Alabama. *Bravo v. U.S.*, 577 F.3d 1324 (11th Cir. 2009) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

### III.   DISCUSSION

Plaintiff's Motion for Leave to Amend seeks to add factual allegations regarding the forged instruments giving rise to this lawsuit. (Doc. 19) at 2. Additionally, Plaintiff seeks to remove two claims – count V for violation of Ala. Code § 7-3-406 and count VIII for accounting – and add a common law claim for negligent hiring/supervision/training.

(Doc. 19) at 1-2. Wells Fargo opposes leave on the grounds of futility; it argues that the proposed second amended complaint would still be subject to dismissal, and therefore, this Court should deny leave to amend. (Doc. 26) at 2.

Additional claim: Negligent hiring/supervision/training

The Court first addresses Plaintiff's proposed common law claim of negligent hiring/supervision/training. (Doc. 19-1) at 9-10. Plaintiff argues that Defendant breached its duty to properly train and supervise its branch personnel when it permitted them to conspire with Moon to convert Plaintiff's property. *Id.* Wells Fargo counters that this new common law claim is displaced by the UCC. (Doc. 26) at ¶ 5; *see also* (Doc. 6) at 2-7. Plaintiff argues in response that the UCC provides no such remedy for negligent hiring/supervision/training, and therefore, the common law claim is not displaced. (Doc. 27) at 8-9.

Under the UCC, "[u]nless displaced by the particular provisions of this title, the principles of law and equity including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating or invalidating cause supplement its provisions." Ala. Code § 7-1-103(b). The Alabama Supreme Court has addressed the test for UCC displacement: "Under § 7-1-103, when a statute provides a cause of action relating to a specific factual situation in a specific manner, then any common-law cause of action based upon a factual situation so materially identical that it is clearly within the specific scope of the provision must be said to have been 'displaced,' especially if it is in some way affirmatively excluded by the statutory language." *Am. Liberty Ins. Co. v. AmSouth Bank*,

825 So. 2d 786, 794-95 (Ala. 2002). "[C]ommon-law claims are displaced or preempted if allowing the common-law claims would 'create rights, duties, and liabilities inconsistent' with those set forth in [the UCC statutes.]" *AmSouth Bank v. Tice*, 923 So. 2d 1060, 1066 (Ala. 2005).

Defendant points to § 7-3-405 of the UCC as the relevant portion that would displace Plaintiff's proffered common law cause of action. (Doc. 26) at 3 (citing (Doc. 6) at 6). Section 405 of the UCC allocates the loss between an employer and a bank when an employer's agent attempts to cash or deposit a fraudulently indorsed instrument. Specifically, subsection (b) directs that, "If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss." However, this section only applies to fraudulent indorsements of instruments "with respect to which an employer has entrusted an employee with responsibility as part of the employee's duties." § 7-3-405(a). "Responsibility" specifically excludes authority that "merely allows an employee to have access to instruments." § 7-3-405(a)(3). The comments to this section explain why: "Section 3-405 is addressed to fraudulent indorsements made by an employee with respect to instruments with respect to which the employer has given responsibility to the employee. . . . Section 3-405 adopts the principle that the risk of loss for fraudulent indorsements by employees who are entrusted with responsibility with respect to checks should fall on the

5

employer rather than the bank that takes the check or pays it, if the bank was not negligent in the transaction." § 7-3-405(a), cmt. 1.

If Moon were an employee entrusted with responsibility within the meaning of the statute, then Plaintiff's proposed common law claim would almost certainly be displaced by § 405, as the factual scenario would be "materially identical" to that contemplated by § 405. That would be akin to the scenario addressed by the *Tice* court: "The fact that a remedy has been provided by the UCC for the very same acts or omissions made the basis of [plaintiff's] common-law claims compels the conclusion that those common-law claims are duplicative and have been displaced by his UCC claims." *Tice*, at 1068.

In its proposed second amended complaint, however, Plaintiff alleges that "[Moon] was not authorized to indorse Plaintiff's checks with Plaintiff's indorsement and deposit Plaintiff's property into an account not owned by Plaintiff." (Doc. 19-1) at ¶ 33. Accepting these allegations as true, Moon would not have been entrusted with responsibility within the meaning of § 405, making this provision of the UCC inapplicable. Therefore, § 405 provides no remedy, and permitting Plaintiff's proffered common law claim to proceed does not create rights, duties, or liabilities inconsistent with the UCC. Therefore, amendment to add this claim would not be futile, and Plaintiff's Motion for Leave to Amend is due to be GRANTED.

## IV.  CONCLUSION

Having found that the claim Plaintiff seeks to add in its proposed Second Amended Complaint would not be futile, the Court finds that granting leave is appropriate and declines, at this time, to address Defendant's arguments pertaining to the remainder of the

proposed Second Amended Complaint. For the same reason, the Court will deny Defendant's Motion to Dismiss (Doc. 15) and Plaintiff's Motion for Summary Judgment (Doc. 30) as moot with leave to refile addressing the Second Amended Complaint.

Plaintiff's Motion for Leave to Amend (Doc. 19) is GRANTED. Defendant's Motion to Dismiss (Doc. 15) is DENIED as MOOT. Plaintiff's Motion for Summary Judgment (Doc. 30) is DENIED as MOOT.

Plaintiff shall file the proposed Second Amended Complaint on or before July 9, 2020.

DONE this 2nd day of July, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE
